```
                                        ┌─────────────────────────────┐
                                        │ USDC SDNY                   │
                                        │ DOCUMENT                    │
                                        │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT            │ DOC #:_____     │
SOUTHERN DISTRICT OF NEW YORK           │ DATE FILED: 4/22/13         │
- - - - - - - - - - - - - - - - x       └─────────────────────────────┘

UNITED STATES OF AMERICA        :

     - v. -                     :        ORDER

ALEXANDER BELESON,              :        S1 11 Cr. 614 (VM)

          Defendant.            :

- - - - - - - - - - - - - - - - x
```

WHEREAS, with defendant ALEXANDER BELESON's consent, his guilty plea allocution was taken before United States Magistrate Judge Henry B. Pitman on March 28, 2013;

WHEREAS a transcript of the allocution was made and thereafter was transmitted to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily, and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

Dated: New York, New York
       April 22 , 2013


                                 _____
                                 HON. VICTOR MARRERO
                                 United States District Judge
                                 Southern District of New York

D3SHBELP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,              New York, N.Y.

4              v.                          11 Cr. 614 (VM)

5   ALEXANDER BELESON,

6              Defendant.

7   ------------------------------x

8
                                          March 28, 2013
9                                         12:15 p.m.

10
    Before:
11
                        HON. HENRY B. PITMAN,
12
                                          Magistrate Judge
13

14                        APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    BY:  JOHN COHEN
17       Assistant United States Attorney

18  ALBERT DAYAN
         Attorney for Defendant
19

20

21

22

23

24

25

D3SHBELP

1          (In open court)

2          THE DEPUTY CLERK:  United States v. Alexander Beleson.

3          Counsel, please state your name for the record.

4          MR. COHEN:  John Cohen on behalf of the government.

5    Good morning, your Honor.

6          MR. DAYAN:  For Mr. Beleson, I'm Albert Dyan.  Good

7    afternoon, Judge.

8          THE COURT:  Good afternoon.

9          Mr. Beleson, are you able to hear the interpreter

10   through the headset?  Yes?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Mr. Beleson, if at any time you can't hear

13   the interpreter, if you have any problem with the headset, if

14   you have any problem understanding what is being said, tell

15   Mr. Dyan, poke him in the arm, so that we know immediately and

16   we will try to correct any problems.  It is very important that

17   you understand every word that is said here today.  All right.

18         The first order of business will be for Mr. Hampton to

19   swear the interpreter.

20         (Interpreter sworn)

21         THE COURT:  I understand there is an application on

22   behalf of Mr. Beleson.

23         MR. DAYAN:  Yes, Judge.  There is an application on

24   behalf of Mr. Beleson.  He has authorized me to withdraw his

25   previously entered plea of not guilty and enter a plea of

D3SHBELP

1    guilty to Count Seven of the indictment in satisfaction of the

2    two counts for which he is indicted presently.   That is, Count

3    Six and Seven.   The former charging him with visa fraud and the

4    latter, the one to which he is pleading guilty to, is a count

5    of immigration fraud.

6              THE COURT:   My understanding is Count Seven charges

7    him with conspiring to transport, harbor and induce the entry

8    of an alien in violation of the immigration laws.

9              MR. DAYAN:   Yes.

10             THE COURT:   At this time let me ask Mr. Hampton to

11   place two documents before Mr. Beleson.   There is a document

12   entitled consent to proceed before a United States magistrate

13   judge on a felony plea allocution and a document in the form of

14   a letter marked Court Exhibit 1.

15             Mr. Beleson, two documents have been placed before

16   you.   First I want to discuss with you the one-page document

17   entitled consent to proceed before a United States magistrate

18   judge.

19             Do you see the one-page document, sir?

20             THE DEFENDANT:   Yes.

21             THE COURT:   Does your signature appear on the bottom

22   of that document?

23             THE DEFENDANT:   Yes (in English).

24             THE COURT:   Did you read it before -- excuse me.   Was

25   the document translated for you into your native tongue before

D3SHBELP

1    you signed it?

2              THE DEFENDANT:  Yes (in English).

3              THE COURT:  Did you discuss it with your attorney

4    before you signed it?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Do you understand that you have the right

7    to have your guilty plea taken by a district court judge

8    instead of a magistrate judge?

9              Do you understand you have that right?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Do you understand that by signing that

12   piece of paper you are consenting to have your plea taken by a

13   magistrate judge and giving up your right to have your plea

14   taken by a district court judge?

15             Do you understand that is the effect of your signature

16   on that piece of paper?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Has anyone made any promises to you or has

19   anyone made any threats to you or has anyone used any force

20   against you to induce you to consent to proceed before a

21   magistrate judge?

22             I'm sorry.  Was there an answer?

23             THE DEFENDANT:  No.

24             THE COURT:  There is a second document before you in

25   the form of a letter marked Court Exhibit 1.

D3SHBELP

1              Do you see Court Exhibit 1?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Does your signature appear on the last

4    page of Court Exhibit 1?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Was Court Exhibit 1 translated for you

7    into your native tongue before you signed it?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Did you discuss Court Exhibit 1 with your

10   attorney before you signed it?

11             THE DEFENDANT:  Yes.

12             THE COURT:  And is Court Exhibit 1 an agreement with

13   the government concerning your guilty plea?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Thank you.

16             Mr. Hampton, would you please bring both documents

17   back up.

18             Would you please place Mr. Beleson under oath.

19             (Defendant sworn)

20             THE COURT:  Mr. Beleson, you have now been placed

21   under oath.  If you make a false statement during these

22   proceedings, you could be prosecuted for perjury.

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Mr. Beleson, the law requires that I ask

D3SHBELP

1   you a number of questions to ensure that your plea is knowing

2   and voluntary in all respects, to ensure that you understand

3   what you are doing here today and to ensure that you understand

4   the consequences of what you are doing.

5           If you don't understand any question that I ask you,

6   tell me that you don't understand the question and I will

7   either try to clarify the question or give you a chance to

8   speak with your attorney so that you understand exactly what is

9   being asked of you.

10          In addition, if at any time during these proceedings

11  you want to speak to your attorney for any reason whatsoever,

12  just tell me that you want to speak with your attorney and I

13  will give you the chance to speak with him privately.

14          Do you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Would you please state your full name.

17          THE DEFENDANT:  Alexander Beleson.

18          THE COURT:  How old are you, sir?

19          THE DEFENDANT:  55.

20          THE COURT:  How far did you get in school?

21          THE DEFENDANT:  Higher education.

22          THE COURT:  Higher education?

23          THE DEFENDANT:  Yes.

24          THE COURT:  How many years of education did you have?

25          THE DEFENDANT:  Eight years at school and institute of

D3SHBELP

1    higher learning after that.

2            THE COURT:  Have you recently been treated for any

3    type of mental illness?

4            THE DEFENDANT:  No.

5            THE COURT:  Have you recently been treated for drug

6    addiction of any kind?

7            THE DEFENDANT:  No.

8            THE COURT:  Have you recently been treated for

9    alcoholism?

10           I'm sorry.  Was there an answer?

11           THE DEFENDANT:  No.

12           THE COURT:  Have you had any beer, wine or liquor

13   within the last 24 hours?

14           THE DEFENDANT:  I drank a beer at the airport.

15           THE COURT:  When did you drink the beer?  What time?

16           THE DEFENDANT:  In Los Angeles before departure.

17           THE COURT:  You flew from Los Angeles last night?

18           THE DEFENDANT:  Yes.

19           THE COURT:  And about what time did you have the beer?

20           THE DEFENDANT:  I believe I was leaving yesterday

21   around noon.

22           THE COURT:  So it is currently 20 after 12 here.  So

23   it is about 21 hours, I would estimate.

24           As you sit here today, are you feeling any effects

25   from the beer or any other drinks?

D3SHBELP

1          THE DEFENDANT:  No.

2          THE COURT:  Have you taken any kind of drugs or

3    medication, legal or illegal, within the last two days?

4          THE DEFENDANT:  Once a day I take a medication against

5    cholesterol.

6          THE COURT:  Is there anything about that medication

7    that makes you sleepy or drowsy or affects your ability to

8    think or to understand?

9          THE DEFENDANT:  No.

10         THE COURT:  Apart from cholesterol, are you currently

11   being treated by a doctor or other health care provider for any

12   other condition?

13         THE DEFENDANT:  No.

14         THE COURT:  In general, do you feel clearheaded today

15   and able to understand what is going on around you?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Is either the government or defense

18   counsel aware of any physical, psychological or emotional

19   condition that might prevent Mr. Beleson from entering a guilty

20   plea today?

21         MR. COHEN:  No, your Honor.

22         MR. DAYAN:  None from the defense.

23         THE COURT:  Mr. Beleson, have you received a copy of

24   indictment S1 11 Cr. 614 which has been filed against you?

25         THE DEFENDANT:  Yes.

D3SHBELP

1        THE COURT:  And has the indictment been translated for

2    you into your native tongue?

3        THE DEFENDANT:  Yes.

4        THE COURT:  Have you had a chance to discuss the

5    charges against you with your attorney, Mr. Dyan?

6        THE DEFENDANT:  Yes.

7        THE COURT:  Are you generally satisfied with

8    Mr. Dyan's representation of you in this case and with the

9    advice that he's given to you?

10       THE DEFENDANT:  Yes.

11       THE COURT:  And is it your intention here today to

12   plead guilty to Count Seven of the indictment?

13       THE DEFENDANT:  Yes.

14       THE COURT:  I want to discuss with you briefly the

15   nature of the charge against you in Count Seven, the elements

16   the government would have to prove beyond a reasonable doubt in

17   order to establish your guilt and the penalties you face if

18   your plea is accepted.

19       Do you understand that Count Seven charges you with

20   conspiring or agreeing with others to transport, harbor and

21   induce illegal aliens, all in violation of Title 8, United

22   States Code, Section 1324?

23       Do you understand that is the general nature of the

24   charge against you in Count Seven?

25       THE DEFENDANT:  Yes.

D3SHBELP

1        THE COURT:  Do you understand that in order to

2   establish your guilt the government would have to prove two

3   elements beyond a reasonable doubt.  First, that there was an

4   agreement or conspiracy between two or more people to either

5   transport illegal aliens, to harbor illegal aliens or to induce

6   illegal aliens to enter the United States; and, second, the

7   government would have to prove that you knowingly entered into

8   and became part of that agreement with knowledge of its illegal

9   object.

10        Do you understand those are the elements the

11   government would have to prove beyond a reasonable doubt to

12   establish your guilt?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Do you understand that if your plea is

15   accepted, you face a maximum sentence of five years'

16   imprisonment, a maximum term of supervised release of three

17   years, a maximum fine of the greatest of $250,000 or twice the

18   gross pecuniary gain derived from the offense or twice the

19   gross pecuniary loss to persons other than yourself, and a

20   mandatory special assessment of $100.

21        Do you understand those are the penalties you face if

22   your plea is accepted?

23        THE DEFENDANT:  I understand.

24        THE COURT:  Do you understand that under the

25   Sentencing Reform Act of 1984 the United States Sentencing

D3SHBELP

1    Commission has issued advisory guidelines for judges to consult

2    in imposing sentences in criminal cases?

3              Do you understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Have you and your attorney discussed how

6    the guidelines might apply in your case?

7              THE DEFENDANT:  Yes.

8              THE COURT:  And do you understand that the court will

9    not be able to determine the appropriate guideline range for

10   your case until a document called a presentence report has been

11   prepared and until both you and the government have had the

12   opportunity to review the report and make any challenges you

13   have to the facts in the report and to the guideline range

14   recommended by the Probation Department?

15             Do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  And do you understand that the guideline

18   range found to apply in your case may turn out to be different

19   from any range you discussed with your attorney or any range

20   your attorney has agreed to with the government?

21             Do you understand that?

22             THE DEFENDANT:  I understand.

23             THE COURT:  And do you understand that after your

24   guideline range has been determined, the court has the

25   authority to depart from the guidelines and to impose a

D3SHBELP

1    sentence that is either more severe or less severe than the

2    sentence called for by the guidelines?

3            Do you understand that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Do you understand that parole has been

6    abolished in the federal system and that if you are sentenced

7    to a term of imprisonment, you will not be released on parole?

8            Do you understand that?

9            THE DEFENDANT:  What does it mean?

10           THE COURT:  Parole formerly was a form of early

11   release under which a sentenced prisoner could be released

12   after serving a fraction of his sentence.  In some cases under

13   parole an individual could be released after serving about

14   one-third of his sentence.  But that provision of the law

15   permitting early release on parole no longer exists.

16           You understand that parole no longer exists?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Do you understand that if supervised

19   release was imposed as part of your sentence and you violate

20   any term of the supervised release, you could be returned to

21   jail for the full term of the supervised release with no credit

22   being given for the time spent on release up to the date of the

23   violation?

24           Do you understand that?

25           THE DEFENDANT:  Yes.

D3SHBELP

1          THE COURT:  Do you understand that as part of your

2    agreement with the government you are agreeing that the

3    appropriate sentencing range is six to 12 months of

4    imprisonment and you are giving up any right you might

5    otherwise have to challenge your sentence so long as the

6    sentence is not greater than 12 months?

7          Do you understand that?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Do you understand that if Judge Marrero,

10   the judge who is going to sentence you in this case, were to

11   impose a sentence of less than six months, the government could

12   appeal from that sentence and seek a sentence within the agreed

13   range of six to 12 months?

14         Do you understand that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Do you understand that your agreement with

17   the government concerning sentencing is not binding on Judge

18   Marrero and that Judge Marrero retains the power to impose any

19   legal sentence, including a sentence of up to five years'

20   imprisonment?

21         Do you understand that?

22         THE DEFENDANT:  Yes.

23         THE COURT:  And do you understand that if Judge

24   Marrero were to impose a sentence of greater than 12 months,

25   you could appeal from the sentence and seek a sentence within

D3SHBELP

1    the agreed range of six to 12 months but that you would not be

2    permitted to withdraw your guilty plea simply because the

3    sentence was longer than you expected.

4              Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Mr. Beleson, a plea to a felony can also

7    have immigration consequences for individuals who are not U.S.

8    citizens.  In light of that fact, let me ask you, are you a

9    U.S. citizen?

10             THE DEFENDANT:  Yes.

11             THE COURT:  I want to discuss with you some of the

12   rights you are giving up by pleading guilty this afternoon.  Do

13   you understand that you have the right to plead not guilty to

14   the charges against you and you have the right to persist in

15   that plea at all stages of the proceedings against you?

16             Do you understand you have those rights?

17             THE DEFENDANT:  I understand.

18             THE COURT:  Do you understand that if you chose to

19   plead not guilty, you would have the right to the assistance of

20   counsel at all stages of the proceedings against you and you

21   would have the right to have counsel appointed for you if you

22   could not afford counsel?

23             Do you understand you have those rights?

24             THE DEFENDANT:  I understand.

25             THE COURT:  Do you understand that if you chose to

D3SHBELP

1    plead not guilty, you would have the right to a trial by jury.

2    At the trial you would be presumed innocent and the government

3    would have to prove your guilt beyond a reasonable doubt.

4          At a trial, you would have the right to the assistance

5    of counsel.  You would have the right to have counsel appointed

6    if you could not afford counsel.  You would have the right to

7    see and hear all the witnesses against you and you would have

8    the right to have those witnesses cross-examined or questioned

9    in your own defense.

10          At a trial, you would have the right to testify and

11    the right to offer evidence in your defense.  Conversely, you

12    would also have the right to decline to testify or to decline

13    to offer evidence; and if you chose not to testify or chose not

14    to offer evidence, those facts could not be used against you.

15          Finally, at a trial you would have the right to the

16    issuance of compulsory process or court orders to compel

17    witnesses to come to court and give testimony in your behalf.

18          Do you understand you would have all those rights if

19    you chose to plead not guilty and go to trial?

20          THE DEFENDANT:  I understand.

21          THE COURT:  And do you understand that by entering a

22    plea of guilty there will be no trial and you will be giving up

23    your right to a trial as well as all the other rights

24    associated with a trial that I have just described to you?

25          Do you understand you are giving up all those rights?

D3SHBELP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Apart from the agreements that are set

3    forth in Court Exhibit 1, the letter agreement you identified

4    at the outset of these proceedings, has anyone made any other

5    promises to you or has anyone made any threats to you or has

6    anyone used any force against you to induce you to plead

7    guilty?

8          THE DEFENDANT:  Nobody.

9          THE COURT:  And are you pleading guilty because you

10   are in fact guilty?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Can you tell me, please, what it is you

13   did that makes you guilty of the offense charged in Count Seven

14   of indictment S1 11 Cr. 614.

15         THE DEFENDANT:  I invested money into a gentleman's

16   club where women worked and those women didn't have the right

17   to work there.

18         THE COURT:  And --

19         MR. DAYAN:  He is not finished yet, your Honor.

20         THE COURT:  OK.  I'm sorry.

21         THE DEFENDANT:  Because as it turned out, they arrived

22   in this country on a student visa and then it turned out that

23   they were short of money so they came to our club and they

24   worked the evenings.

25         THE COURT:  And --

D3SHBELP

1          THE DEFENDANT:  But in reality, they had no right to

2     do that because student visa does not allow, does not allow

3     them to work.  And there was a situation when one guy brought a

4     girl and I personally paid him for that.

5          THE COURT:  At the time -- I'm sorry.

6          MR. DAYAN:  He is not finished, your Honor.

7          THE COURT:  I'm sorry.  I'm sorry.

8          THE DEFENDANT:  That girl did have a student visa and

9     I realized, I understood that she had no right to be employed.

10    But nevertheless I accepted her for work.

11         THE COURT:  Mr. Dyan, is he finished?

12         MR. DAYAN:  We are finished, Judge.  Thank you.

13         THE COURT:  Where did you invest in this club?

14         THE DEFENDANT:  When?

15         THE COURT:  Where?  Where was the club located?

16         THE DEFENDANT:  It was located in Long Island.  The

17    name of the club was Lucians.

18         THE COURT:  When did you invest in this club?

19         THE DEFENDANT:  That is when we bought it with

20    partners.

21         THE COURT:  I'm sorry?

22         THE DEFENDANT:  That is when we bought it with

23    partners.

24         THE COURT:  When was that?

25         THE DEFENDANT:  I believe it was in October, 2011.

D3SHBELP

1          THE COURT:  And the girl who you accepted for

2   employment who did not have authorization to work, when did you

3   accept her for employment?

4          THE DEFENDANT:  I believe it was in January 2012.

5          MR. DAYAN:  On or about.

6          THE DEFENDANT:  Maybe a little later.

7          MR. COHEN:  A moment, your Honor.

8          THE COURT:  Pardon?

9          MR. COHEN:  May I have a moment, your Honor?

10         THE COURT:  Well, I was about to ask you whether

11  further inquiry needs to be made, but go ahead.

12         MR. COHEN:  Thank you, your Honor.

13         (Pause)

14         THE DEFENDANT:  I believe it was January, 2011.

15         THE COURT:  Do we need a waiver as to venue and have

16  the elements -- two questions for the government.  Do we have a

17  waiver as to venue and have the elements been allocuted to?

18         MR. COHEN:  Judge, the government proffers that it

19  would be able to prove venue.  This is a conspiracy, Count

20  Seven, to transport, harbor and induce entry of illegal aliens.

21  The government would prove acts by coconspirators in the

22  Southern District of New York, and the government's

23  understanding of the law is that if venue is not raised that it

24  would be waived in any event.

25         Secondly, as to the elements, the government does

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

D3SHBELP

1    believe that the allocution is sufficient.

2         THE COURT:  Just to make sure there is not a problem.

3    Mr. Dyan, am I correct in my understanding that the defendant

4    is consenting to venue here?

5         MR. DAYAN:  He is, Judge.

6         THE COURT:  And does the government represent that it

7    has facts in its possession to prove Mr. Beleson's guilt beyond

8    a reasonable doubt?

9         MR. COHEN:  It does, your Honor.

10        THE COURT:  All right.  Mr. Beleson, how do you plead

11   to Count Seven of indictment S1 11 Cr. 614?  Guilty or not

12   guilty?

13        THE DEFENDANT:  Guilty.

14        THE COURT:  Does the government believe any further

15   inquiry needs to be made concerning any subject?

16        MR. COHEN:  No, your Honor?

17        THE COURT:  Mr. Dyan, do you believe any further

18   inquiry needs to be made concerning any subject?

19        MR. DAYAN:  No.  Thank you, Judge.

20        THE COURT:  Based on Mr. Beleson's physical

21   appearance, his demeanor and his answers to all the foregoing

22   questions, I find that he is fully competent and capable of

23   entering an informed and voluntary plea, that he is aware of

24   the nature of the charge against him and the consequences of

25   the plea and that there is an independent basis in fact as to

D3SHBELP

each of the essential elements of the offense, that the plea is

knowing and voluntary and I therefore accept the plea and

recommend that Judge Marrero accept the plea.

Has Judge Marrero set a date and time for sentencing?

MR. COHEN:  Not yet, your Honor.

THE COURT:  I am going to direct that the government

contact Judge Marrero's chambers this afternoon and make sure

that Judge Marrero is aware that Mr. Beleson has pled guilty.

We will order a presentence report and mark the form

that defense counsel should be present for the interview.

Anything else from the government?

MR. COHEN:  Not from the government, your Honor.

THE COURT:  Mr. Dyan.

MR. DAYAN:  Thank you, Judge.  It was a pleasure.

Thank you very much.

THE COURT:  Thank you, all.

(Adjourned)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

April 22, 2013

**BY HAND AND BY ELECTRONIC MAIL**

The Honorable Victor Marrero
United States District Judge
United States District Court for the
   Southern District of New York
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street, Chambers 1040
New York, New York 10007

> Re:   <u>United States v. Alexander Beleson,</u>
>        S1 11 Cr. 614 (VM)

Dear Judge Marrero:

     Defendant Alexander Beleson entered a guilty plea on March 28, 2013 before United States Magistrate Judge Henry B. Pitman. The Government respectfully requests that the Court accept Beleson's guilty plea. Enclosed please find a transcript of the proceedings and a proposed Order accepting the plea. Sentencing is currently scheduled for August 2, 2013, at 2:00 p.m.

                Respectfully submitted,

                PREET BHARARA
                United States Attorney
                Southern District of New York

By:      /s/
                Jonathan Cohen/Michael Ferrara
                Assistant U.S. Attorneys
                212-637-2408/-2526

Enclosures
Cc: Albert Dayan, Esq.